# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| KEVIN FAHRNI, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:17-CV-00170-RWS-CMC |
| v. | § § § | |
| DIRECTOR, TDCJ-CID, | § § § | |
| Defendant. | § § | |

## ORDER

Petitioner Kevin Fahrni, proceeding with counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court referred this matter to United States Magistrate Judge Caroline Craven pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Magistrate Judge issued a Report and Recommendation on September 16, 2020, recommending the petition be denied as barred by the applicable statute of limitations (Docket No. 32).  Fahrni timely filed objections to the Magistrate Judge's Report (Docket No. 33).  For the reasons set forth below, the Court **OVERRULES** Fahrni's objections (Docket No. 33) and **DENIES** the petition (Docket No. 1).

### A. Fahrni's Objections

In his objections to the Magistrate Judge's Report and Recommendation (Docket No. 33), Fahrni contends that the Magistrate Judge previously granted his motion requesting "equitable tolling" or "sufficient time" in which to file his § 2254 motion.  Docket No. 33 at 2.  Fahrni argues that "the Magistrate Judge did not provide a specified time in which [he] could file his federal

petition" in that order, and, if the Magistrate Judge intended to deny Fahrni additional time in which to file his federal petition, the Magistrate Judge should have stated so clearly in that order. *Id.* at 3. Fahrni submits that his request for ten months of "sufficient 'equitable tolling' clearly was a request for a ten-month extension to filing the federal petition once his state habeas claim was exhausted." *Id.* at 4. Accordingly, Fahrni argues that the Magistrate Judge erred in recommending that his petition be denied as barred by the applicable statute of limitations. *Id.* at 6–7.

Assuming, without finding, that Fahrni could somehow reasonably rely on the Magistrate Judge's order granting the motion for equitable tolling, liberally construed as a motion to stay, Fahrni did not act with due diligence in getting his federal petition on file. *See Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012). The Magistrate Judge's order specifically instructed Fahrni to file his federal petition once state collateral review was completed. Docket No. 2. As outlined in the Report and Recommendation, Fahrni's state writ of habeas corpus was denied on May 2, 2018. Docket No. 32. Yet, Fahrni's federal petition was not filed until September 19, 2018, and only after the Magistrate Judge entered an order on August 30, 2018, inquiring as to the status of exhaustion. Docket No. 3. This was four months past the completion of state collateral review and was only done at the behest of the Court. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (holding that petitioner had not shown reasonable diligence because he "waited more than four months to file his federal habeas petition"); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (per curiam) (holding that petitioner had not shown reasonable diligence because "he did not file his § petition until approximately six months after learning of the denial of his state postconviction application," and "[d]id not explain the six-month delay between being notified about his state application and filing his federal petition"); *Koumjian v. Thaler*, 484 F. App'x 966,

969,-70 (5th Cir. 2012) (per curiam) not designated for publication (holding that petitioner had not shown reasonable diligence because the delay in filing exceeded four and a half months).

The record reflects that Fahrni did not retain § 2254 counsel until June 11, 2018, over a month after state habeas review was completed. Fahrni had sufficient time to retain counsel before the completion of state habeas review to ensure his federal petition was promptly filed upon the completion of state habeas review or could have filed the petition himself to later be amended if need be. Fahrni ignored the language of the order of the Magistrate Judge requiring him to file his federal petition once state habeas review was completed. Fahrni is not entitled to equitable tolling and this petition is time-barred.

**B. Fahrni's Petition**

Alternatively, Fahrni's petition (Docket No. 1) lacks merit. As outlined in the Magistrate Judge's Report, the only live habeas claim remaining is Fahrni's *ex post facto* claim.[1] Fahrni argues the application of Article 38.37 of the Texas Code of Criminal Procedure violates the Ex Post Facto Clause because the statute broadened the admissibility of extraneous offenses in 2013 after the commission of the instant offense in 2008, thereby retroactively altering the evidence landscape for Fahrni's trial by allowing extraneous offense evidence that would not have been admissible at the time Fahrni committed his crime in 2008. Petition, Civil Action No. 5:18-CV-119 (Docket No. 1). Respondent argues Article 38.37 does not change the testimony required in order to convict and the claim should be denied. In addition, Respondent argues such a claim asks the Court to create new precedent and is thus barred from consideration by the Supreme Court's opinion in *Teague v. Lane*. 489 U.S. 288 (1989).

---

[1] Fahrni makes no objection to the portion of the Report and Recommendation stating the only live claim remaining is the *ex post facto* claim.

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.* An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id.* at 409-411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id.*

In addition, this court must accept as correct any factual determination made by the state courts unless the presumption of correctness is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual

findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").

On appeal, Fahrni argued the trial court erred in allowing evidence of extraneous offenses under Article 38.37 of the Texas Code of Criminal Procedure. The Sixth Court of Appeals summarized the history surrounding Article 38.37 as follows:

> Rule 404 of the Texas Rules of Evidence forbids the admission of other crimes, wrongs, or acts of a defendant – extraneous-offense evidence – to prove his character for the purpose of showing that he acted in accordance with that character on some particular occasion. TEX. R. EVID. 404(b), 60 TEX. B.J. 1129, 1134 (1997); *Graves v. State*, 452 S.W.3d 907, 913 (Tex. App. – Texarkana 2014, pet ref'd). However, such evidence may be admissible if introduced for purposes other than character conformity. *See* TEX. R. EVID. 404(b), 60 TEX. B.J. 1129, 1134 (1997); *De La Paz v. State*, 279 S.W.3d 336, 343, 345 (Tex. Crim. App. 2009); *Montgomery v. State*, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1990) (op. on reh'g). Further, Rule 405 generally limits the methods by which character evidence, when admissible, may be proven. TEX. R. EVID. 405, 60 TEX. B.J. 1129, 1134 (1997).
>
> In 1995, the Legislature enacted Article 38.37 of the Texas Code of Criminal Procedure, which renders "evidence of [a defendant's] other crimes, wrongs, or acts" admissible, notwithstanding Rules 404 and 405, in the prosecution of that defendant for certain criminal offenses, including aggravated sexual assault of a child. In its original form, when Fahrni was alleged to have sexually assaulted Sarah, only extraneous offenses committed against the complaining child victim were admissible under Article 38.37. *See* TEX. CODE CRIM. P. ANN. art. 38.37, § 1(b) (West Supp. 2014). In 2011, the Legislature amended Article 38.37 and expanded its scope by adding new criminal offenses to the list of prosecutions in which it applies. Specifically, the amendment made Article 38.37 applicable in prosecutions of the offenses of sexual performance by a child, trafficking in children, and compelling prostitution of a child. The enacting provision of the 2011 amendment established its effective date as September 1, 2011, and stated, "The change in law made by this Act applies only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed." In 2013, the Legislature again amended Article 38.37 by adding current Section 2, which, notwithstanding Rules 404 and 405, makes evidence of certain extraneous offenses committed by the defendant, including aggravated sexual assault of and indecency with a child, admissible "for any bearing the evidence has on relevant

> matters; including the character of the defendant and acts performed in conformity with the character of the defendant." *See* TEX. CODE CRIM. P. Ann. art. 38.37, § 2 (West Supp. 2014).  Thus, after the 2013 amendments went into effect on September 1, 2013, evidence of certain extraneous offenses committed by the defendant against a non-complaining child victim became admissible under Article 38.37.  Like the 2011 amendment, the 2013 amendment had no retroactive effect.

*Fahrni v. State*, 06-14-00148-CR (Docket No. 24-3).  The Sixth Court of Appeals found the 2011 enactment provision inapplicable as the 2011 amendment did not change the law regarding the admissibility of evidence of extraneous offenses against a non-complaining child victim.  *Id*. at 10.  After concluding the Legislature intended "criminal proceeding" to mean trial, the Sixth Court of Appeals found the 2013 amendment applicable to the instant case and found the trial court did not err in allowing the extraneous offense evidence of a non-complaining child victim.  *Id*. at 15.

On state habeas review, Fahrni alleged the following with respect to Article 38.37: (1) his due process rights were violated when the trial court erroneously admitted the testimony of extraneous offenses in contradiction to the 2011 amendment to Article 38.37, (2) the trial court violated his constitutional rights against *ex post facto* law by admitting extraneous offenses based on the 2013 amendment to Article 38.37, (3) the trial court's admission of evidence of sex offenses committed in Arkansas against another child violated his presumption of innocence under his due process rights, and (4) he was denied fundamental fairness.  *Ex parte Fahrni*, WR-87,675-01, pgs. 68-74 (Docket No. 24-41).  In its findings of fact and conclusions of law, the state trial court denied these claims as not cognizable on habeas review as they were rejected on direct appeal.  Findings of Fact and Conclusions of Law at 41 (Docket No. 24-40).  The Texas Court of Criminal Appeals ultimately denied the writ without written order on findings of trial court without a hearing.  Action Taken Sheet (Docket No. 24-25).

Although the state court never expressly rejected Fahrni's claim of an *ex post facto* violation, there is a rebuttable presumption that the federal claim was adjudicated on the merits

when the state court addresses some claims, but not others, in its opinion. *See Johnson v. Williams*, 568 U.S. 289, 293 (2013) (held that the federal claim at issue presumed to have been adjudicated on the merits by the California courts, that the presumption was not adequately rebutted, and that the restrictive standards set out in § 2254(d)(2) apply. Fahrni makes no attempt to rebut the presumption and, in fact, cites to § 2254(d)(2) as the standard.

A state is prohibited from enacting an *ex post facto* law. U.S. CONST., art. 1, § 10. "The critical question [for an *ex post facto* violation] is whether the law changes the legal consequences of acts completed before its effective date." *Carmell v. Texas*, 529 U.S. 513, 520 (2000) (quoting *Weaver v. Graham*, 450 U.S. 24, 31 (1981)). The Ex Post Facto Clause prohibits any law that: (1) makes an act done before the passing of the law, which was innocent when done, criminal; (2) aggravates a crime and makes it greater than it was when it was committed; (3) changes the punishment and inflicts a greater punishment for the crime than when it was committed; or (4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. *Carmel*, 529 U.S. at 522.

Fahrni asserts his *ex post facto* claim falls under the fourth type, the type that "alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offense, in order to convict the offender." *Calder v. Bull*, 3 U.S. 386, 90-91 (1798). Article 38.37 expanded the admissibility of evidence of extraneous offenses against children in a trial involving a sexual offense of a child. In essence, changes to Article 38.37 of the Texas Code of Criminal Procedure allowed one of Fahrni's prior sexual assault victims to testify about his extraneous offenses committed against her, where this testimony likely would have been excluded under Article 38.37 as it existed at the time of the offense in the instant case. Fahrni cites to *Carmell v. Texas*, 529 U.S. 513 (2000), in support of his claim.

Texas appellate courts, however, have repeatedly denied challenges to the use of extraneous offense evidence authorized by article 38.37. *See, e.g., Ryder v. State*, 514 S.W.3d 391 (Tex. App. – Amarillo 2017, pet. ref'd); *Robisheaux v. State*, 483 S.W.3d 205 (Tex. App.—Austin 2016, pet. ref'd); *Baez v. State*, 486 S.W.3d 592 (Tex. App.—Austin 2015, pet. ref'd), *cert. denied*, 137 S.Ct. 303 (2016). The courts have reasoned that 38.37(2)(b) "does not allow extraneous offense evidence to be offered as substantive evidence of guilt. The State must still satisfy its burden of proof as to each element of the offense." *Baize,* 486 S.W.3d at 600. The statute "allows testimony regarding other extraneous offenses to show character conformity. The statute neither changes the State's burden of proof to support a conviction for sexual assault of a child nor lessens the amount of evidence required to sustain a conviction." *Dominguez v. Texas*, 467 S.W.3d 521, 526 (Tex. App.—San Antonio 2015, pet. ref'd); *see also McCulloch v. State*, 39 S.W.3d 678 (Tex. App.—Beaumont 2001, pet. ref'd) (finding no *ex post facto* violation with original version of article 38.37 allowing evidence of similar offenses against the same complainant to be admissible to show defendant's propensity to commit the act or to show conformity to character).

To be clear, "laws that alter the legal rules of evidence to require less evidence to obtain a conviction constitute one category of prohibited *ex post facto* laws." *Stewart v. Davis*, 2018 WL 9943425, *16 (W.D. Tex. 2018) (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). "However, changes to rules of evidence do not violate the Ex Post Facto Clause when the changes do not subvert the presumption of innocence or allow a jury to find a defendant guilty on a lesser standard than beyond a reasonable doubt." *Id*. (citing *Beazell v. Ohio*, 269 U.S. 167, 170-71 (1925)). Contrary to Fahrni's argument, *Carmell* can be distinguished as the statute at issue there required less evidence on which to convict. *McCulloch*, 39 S.W.3d at 683. "The statute at issue in *Carmell* defined the evidence by which a conviction was 'supportable.'" *Id*. The evidence under

article 38.37 is merely probative and not required for the conviction of the offense. The state must still prove each element of the offense charged and this cannot be done by offering the extraneous offense alone.

Moreover, *Carmell* did not clearly establish that a statute that allows testimony regarding other extraneous offenses to show character conformity but does not change the burden of proof to support a conviction for sexual assault of a child nor lessen the amount of evidence required to sustain a conviction constitutes an *ex post facto* violation. On federal habeas review, the core inquiry is whether the state court's denial of the claim was "contrary to, or involved an unreasonable application of, *clearly established Federal law*." 28 U.S.C. § 2254(d) (emphasis added). Because the Supreme Court has not specifically addressed this issue, the denial of Fahrni's state habeas petition cannot be contrary to clearly established federal law. Because the Court would have to expand the application of the Ex Post Facto Clause and *Carmell* to grant relief in this case, any relief contemplated by this Court is *Teague*-barred. *Teague v. Lane*, 489 U.S. 288 (1989). Accordingly, Fahrni's objections (Docket No. 33) are **OVERRULED** and his petition (Docket No. 1) is **DENIED**.

**So ORDERED and SIGNED this 11th day of December, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE